**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0653n.06

Case No. 16-1417

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 06, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RICK BONDS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| VARIAN MEDICAL SYSTEMS, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: GIBBONS, SUTTON, and WHITE, Circuit Judges.

SUTTON, Circuit Judge. Rick Bonds came up just short in trying to pass his employment certification exam, missing one more question than allowed. Close as that was, his failure on the exam, not his age, led to his discharge from Varian Medical Systems, according to all of the evidence. As a result, we must affirm the district court's rejection of his state-law age-discrimination claim.

In 2011, Varian hired Bonds on a probationary basis to work as a field service representative. As long as Bonds passed his training exams, the company planned to have him work on its "Clinac C equipment," linear accelerators that treat cancer patients with radiation. R. 14-4 at 16. The parties agree that this equipment requires precise calibration and is dangerous if operated improperly.

During his 180-day probationary period, Varian asked Bonds to shadow other engineers and participate in a number of training courses and examinations. To prepare for the final certification exam, Bonds took a series of five weekly "quizzes" designed to test each week's material. Unfortunately for Bonds, he failed four of the five. Those results, he now says, stemmed from technical problems with the computer mouse, which would alter his answers rather than scrolling down the page. On the reports compiled just after the tests, however, Bonds attributed his failures to stringent time limits, not technical problems.

Whatever the cause, the test failures led to the same outcome: The company did not permit him to take the final Hardware L2 Beam certification exam with his classmates. Around this time, Bonds' supervisor, Rick Read, began receiving reports that Bonds was soliciting work for his personal Computer Tomography scanner business during his clinical training sessions. Read sent Bonds an email reminding him that such behavior was "unacceptable" and "in violation of [his] non-compete." R. 17-6 at 2. At this time, Read also expressed concern about Bonds' "level of initiative and [] motivation for th[e] job." *Id.*

Nonetheless, in February 2012, the company gave Bonds a second chance. After Read retired, Bonds' new supervisor, Ryan Brookes, extended Bonds' probationary period for an additional 180 days and set a testing date for his Hardware L2 Beam certification exam for March 7th. That gave him one month to study for the test.

He failed the exam—this time by just one question. Eight days later, the company laid him off. Bonds was 46 years old at the time.

Bonds filed this action under the Elliott Larsen Civil Rights Act. *See* Mich. Comp. Laws § 37.2202(1). He claimed that Varian fired him based on his age and retaliated against him for raising a similar age-discrimination claim against his former employer, Philips Electronics. The

2

district court granted Varian's motion for summary judgment. Bonds appealed the age-discrimination ruling.

To survive summary judgment, Bonds needed to identify a genuine dispute of fact over whether "age was a determining factor in [Varian's] decision" to terminate his employment. *Blackwell v. Sun Elec. Corp.*, 696 F.2d 1176, 1180 (6th Cir. 1983); *see Hecht v. Nat'l Heritage Acads., Inc.*, 886 N.W.2d 135, 146 & n.32 (Mich. 2016) (reaffirming that a jury can find that the discharge was because of age even if age was not the sole factor). Put another way, he needed to present evidence sufficient "for a trier of fact to find" in his favor under this standard. *Richardson v. Wal-Mart Stores, Inc.*, 836 F.3d 698, 702 (6th Cir. 2016).

The fundamental question under Michigan law, as under federal law, is whether the employer has made an adverse employment decision "because of age." *Id.*; Mich. Comp. Laws § 37.2202(1). Claimants can try to answer that question with direct or indirect evidence. *Sniecinski v. Blue Cross & Blue Shield of Mich.*, 666 N.W.2d 186, 192 (Mich. 2003). Direct evidence is "evidence, [which] if believed, requires the conclusion that age was the 'but for' cause of the employment decision." *Scheick v. Tecumseh Pub. Sch.*, 766 F.3d 523, 530 (6th Cir. 2014); *see Hecht*, 886 N.W.2d at 146 & n.34. Bonds acknowledges that he lacks direct evidence of age discrimination—evidence that illustrates discriminatory bias "without requiring any inferences." *Richardson*, 836 F.3d at 703. So he seeks to prove his claim through indirect evidence.

In that setting, Michigan law applies the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Lytle v. Malady*, 579 N.W.2d 906, 914–15 (Mich. 1998). Under the *McDonnell Douglas* approach, Bonds must first make out a prima facie case of age discrimination by showing that: (1) he is a member of a protected class

(age 40 to 70); (2) he was discharged; (3) he was qualified for the position; and (4) someone outside of the protected class replaced him. *Simpson v. Midland–Ross Corp.*, 823 F.2d 937, 940 (6th Cir. 1987). The burden then shifts to Varian to establish a "legitimate, nondiscriminatory reason" for the termination. *Lytle*, 579 N.W.2d at 914–15 (quotation omitted). At that point, Bonds must show that Varian's reason is not the "true reason" but a "pretext," *id.* at 915, by showing that Varian's reasons have no basis in fact, do not suffice to warrant termination, or did not actually motivate the termination, *Cicero v. Borg–Warner Auto., Inc.*, 280 F.3d 579, 589 (6th Cir. 2002).

The problem for Bonds is that he failed the required certification exam. And that makes him unqualified for the position—the third requirement of making a threshold showing of age discrimination. Bonds offers no contrary evidence on the point.

Even if Bonds could establish a prima facie case of discrimination, he cannot show that Varian's explanation for its decision—that Bonds failed his certification exam—was a pretextual ground for firing him. No doubt, we have considerable sympathy for anyone who fails a test by just one question. But that unfortunate reality does not mitigate his burden to establish pretext. If a company is allowed to require employees to pass an exam, as Bonds appears to accept, it must set a passing grade at some point—something all licensed lawyers know firsthand. Once a passing grade is set, it follows that some individuals will just meet it and some will fall just short of it. Keep in mind that Bonds wanted to operate radiation machines for cancer patients. Those patients, we suspect, would prefer that the company rigorously stand by its insistence on hiring employees who can pass the exam.

Bonds responds that the *McDonnell Douglas* test need not control every case under Michigan law. Perhaps so. But Bonds offers no alternative framework under which he would

prevail, and we can see why. He admits that no one at Varian ever discussed his age. He acknowledges that he knows of no other employee who was permitted to stay on after failing the certification exam. He even offers non-age-related reasons for his firing. At one point, he says Varian "let [him] go because [he] didn't have [a] military background." R. 14-4 at 17. At another point, he says that what "stuck out to [him]" in speaking to his supervisor "was [that] the exam was the reason" for his termination, and that if he wanted he could "go out and get experience somewhere and then [Varian would] consider rehiring" him. *Id.* at 22.

The closest he gets to a company statement that might amount to discrimination does not involve an ageist remark—and thus does not show age discrimination. He claims that Kathy Brainerd, the head of Human Resources, "profiled" him during orientation by noting his mental state, which he claims she described as "bouncing off the wall one minute" and "down in the dumps another." *Id.* at 24. Those remarks, however, have nothing to do with his age.

That leaves the allegation that the new certification exam is more difficult than the one given to the other trainees. It is not clear Bonds is right about that. Varian explains that, although the new test is longer, it is untimed and permits students to access a searchable database of training materials. Either way, Bonds' allegation (right or wrong) does not show, or even suggest, discrimination based on age. Bonds acknowledges that he "wasn't allowed to take the [earlier] certification exam because [he] didn't do better than 80 percent" on the quizzes. *Id.* at 17. Nothing prevents Varian from offering a new test, even a harder test, to those who fail a series of qualifying quizzes so long as the policy is applied in a non-discriminatory way. Bonds offers no evidence, circumstantial or otherwise, to show that Varian asked him to take this allegedly more difficult exam because he was older rather than because he did not pass the first round of quizzes.

For these reasons, we affirm.